# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON DAVILA,

                      Plaintiff,

v.

BARBARA A. TEELING, BRAD FRIEND, MELISSA MORAN, ANTHONY LACOMBE, FAYE FLANCHER, and JOHN DOES 1 - 7,

                      Defendants.

Case No. 17-CV-337-JPS

**ORDER**

      On March 9, 2017, the Clerk of the Court sent a letter to the plaintiff, stating that he must provide his prisoner trust account statement within twenty-one days. (Docket #3). On March 28, 2017, the plaintiff filed a motion for an extension of time to submit the statement. (Docket #6). The plaintiff requested seven additional days, and indicated that the statement might already be on its way to the Court. *Id.* It has been a further nine days, and no statement has been received.

      A prisoner must initially provide the Court with a certified copy of his prison trust account statement for the last six months, which the Court uses to calculate the appropriate amount of the prisoner's required initial partial filing fee. *See* 28 U.S.C. § 1915(a)(2). Section 1915 places the burden on the prisoner to obtain the statement and file it with his complaint. It provides that "[a] prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the

6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

Without the statement, the Court will be forced to deny his requests to proceed *in forma pauperis*, since his incomplete application leaves the Court unable to determine that he is, in fact, a pauper. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (failure to file complete application for *in forma pauperis* status requires denial of motion to proceed *in forma pauperis*), *overruled on other grounds*, *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013); *Alexander v. Perrenoud*, No. 03-C-0578-C, 2004 WL 2781220, at *1 (W.D. Wis. Dec. 1, 2004). The plaintiff will be afforded until **April 14, 2017** to file his trust account statement with the Court. Failure to do so will result in the denial of his motion to proceed *in forma pauperis*. If the plaintiff does not submit the statement by that date, he will have until **April 21, 2017** to pay the full $400.00 filing fee, or the action will be dismissed without prejudice. *See* Civil L. R. 41(c).

Accordingly,

**IT IS ORDERED** that the plaintiff shall submit a certified copy of his prison trust account statement for the previous six months no later than **April 14, 2017**; and

**IT IS FURTHER ORDERED** that if the plaintiff does not submit a certified copy of his prison trust account statement by that date, the plaintiff must pay the full $400.00 filing fee no later than **April 21, 2017** or this action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge