# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON DAVILA,

                Plaintiff,

v.

BARBARA A. TEELING, BRAD FRIEND, MELISSA MORAN, ANTHONY LACOMBE, GREGORY BUCHOLTZ, ROBERT A. MASTRONARDI, STEVEN M. CLOPE, and NICOLE L. PETERSEN,

                Defendants.

Case No. 17-CV-337-JPS

**ORDER**

      The Court will address certain outstanding motions. On September 28, 2017, Plaintiff filed a joint motion for appointment of counsel and to stay this matter. (Docket #40). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent a plaintiff if the person: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

      As the Court has already informed Plaintiff, it will not consider any motions for appointment of counsel until the discovery period closes on January 22, 2018. (Docket #19 at 6). The motion would be denied on its merits, in any event. As to the first *Pruitt* element, Plaintiff states that he cannot afford postage to contact lawyers, and receives only two free envelopes per month, which he uses in furthering his various civil lawsuits.

(Docket #40 at 1). This explanation is unsatisfactory. Plaintiff's limited ability to contact lawyers, though regrettable, is common to nearly all inmates. Further, he has the freedom to use his state-issued envelopes as he desires, and chose not to use them to establish the proper basis for appointment of counsel.[1]

As to the second *Pruitt* element, Plaintiff has not demonstrated that this case's complexity exceeds his capacity to present it. Indeed, while the Court has not agreed with every position Plaintiff has taken in his filings, the filings have generally been cogent and well-organized, citing both law and evidence where appropriate. *See, e.g.*, (Docket #34). As *Pruitt* makes clear, the question is not whether Plaintiff would fare better with the assistance of counsel, it is whether he is capable of litigating this case on his own. *See Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014). Plaintiff appears to have a clear understanding of his theory of the case and has advanced it in a coherent manner, including seeking extensive and detailed discovery materials. *See* (Docket #21 and #22). Plaintiff's motion for appointment of counsel will, therefore, be denied.[2]

In the same motion, Plaintiff seeks a stay of these proceedings. (Docket #40 at 3). Plaintiff seems to believe that denial of his motion for

---

[1] Plaintiff need not use the mail system to contact the Court—he resides at an institution which participates in the Prisoner E-Filing Program. *See* (Docket #19 at 6-7). He must be using the envelopes for some other reason, perhaps for discovery purposes. No matter what their actual use, Plaintiff could have sent them to lawyers seeking representation, but did not do so.

[2] Plaintiff suggests that another Court of Appeals decision, *Matz*, "bypasses the *Pruitt* test." (Docket #40 at 1); *id.* at 2 ("Plaintiff argues the *Pruitt* test doesn't apply to him[.]"); *Matz v. Frank*, 340 F. App'x 323 (7th Cir. 2009). This is incorrect. *Matz* cited and applied the very same *Pruitt* standards as the Court has done here. *Matz*, 340 F. App'x at 328-29.

appointment of counsel was a foregone conclusion, and indicates that he intends to appeal the denial immediately and wishes to stay this case in the interim. *Id.* Denial of a motion for appointment of counsel is a non-final order. An attempted appeal of such an order is procedurally improper and thus fails to divest the Court of jurisdiction and authority to dispose of the case. *See JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 860 n.7 (7th Cir. 2013); *Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504-05 (7th Cir. 2006); *Kaszuk v. Bakery & Confectionery Union & Industry Int'l Pension Fund*, 791 F.2d 548, 558-59 (7th Cir. 1986). The motion to stay will be denied. The Court notes that whether or not Plaintiff attempts to appeal the instant order, the schedule and deadlines previously set in this matter will remain in effect, and this action will be dismissed if he does not comply with them.

On September 8, 2017, Plaintiff filed two motions to compel discovery responses and to sanction Defendants for failing to respond appropriately. (Docket #21 and #22). The Court cannot reach the substance of his motions because he has not followed the procedures for bringing them. Namely, Plaintiff has not complied with Civil Local Rule 37's requirement that good faith efforts be made to resolve a dispute before the filing of a motion to compel. The Rule provides as follows:

> All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences.

Civil L. R. 37. Plaintiff's submissions fail in two ways. First, they clearly lack the appropriate certification. Both motions state that "plaintiff has made attempt to resolve this issue with Defendants' counsel" to "no avail." (Docket #21 at 1; Docket #22 at 1). These single sentences do not assert that the attempt at conferring with Defendants was made in good faith, and do not recite the date and time of any conference or the participating parties. In Plaintiff's case, his incarceration precludes holding an in-person conference, so his certification should have instead contained an explanation of the date and substance of his communications with Defendants' counsel regarding his motions, whether by phone or letter.

Second, the lack of the detail about Plaintiff's communications is more than a mere technical failing. The purpose of Civil Local Rule 37 is for parties to confer on their discovery disputes and present each other with *all* of their arguments thereon. Thus, when the parties turn to the Court for resolution of the dispute, the Court can rest assured that each argument presented to it was considered by the parties, but could not be amicably resolved. Without an appropriately detailed certification from Plaintiff, the Court cannot conclude that this actually occurred. Though Plaintiff makes various assertions about his meet-and-confer attempts in his reply, the certification contemplated by Civil Local Rule 37 must be included within, or filed contemporaneously with, the motion to compel itself.

The Court closes by noting that Plaintiff's reply in support of his motions to compel also mentions an immediate appeal. Denial of a motion to compel is also a non-final order. As discussed above, any such appeal would have no effect on the continued progress of this case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel and to stay this case (Docket #40) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel (Docket #21 and #22) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge