# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYMOND J. BERGERON DAVILA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>BARBARA A. TEELING, BRAD FRIEND, MELISSA MORAN, ANTHONY LACOMBE, GREGORY BUCHOLTZ, ROBERT A. MASTRONARDI, STEVEN M. CLOPE, and NICOLE L. PETERSEN,<br><br>　　　　　　　　Defendants. | Case No. 17-CV-337-JPS<br><br>**ORDER** |

Currently before the Court are two motions for spoliation sanctions filed by Plaintiff.[1] The first, filed on September 25, 2017, seeks sanctions for Defendants' alleged failure to preserve video footage of the self-harming incident of June 16, 2016 which underlies this litigation. (Docket #33). The motion requests that the Court sanction Defendants by striking their Answer and entering default judgment, fining them $10,000, and ordering them to turn over the video footage if it still exists. *Id.* Plaintiff further asks that he be allowed argue to the jury that the video was destroyed in bad faith. (Docket #34 at 7). Plaintiff's second motion, submitted on September 28, 2017, claims that Defendants altered certain jail activity logs which were produced in discovery. (Docket #39). He styles this as a motion for

---

[1]Also pending is a motion to compel filed by Defendants, but they have indicated their desire to withdraw the motion. (Docket #24 and #46). The case docket will be updated to reflect the withdrawal.

spoliation sanctions, rather than to compel. *Id.* The second motion seeks relief similar to the first. *Id.* at 9.

There are a number of potential procedural problems with Plaintiff's motions, including a failure to meet-and-confer with opposing counsel about spoliation, and an invocation of irrelevant rules of procedure, but the Court need not address those concerns. Both of Plaintiff's motions fail on their merits. Assessing whether spoliation has occurred requires a two-step analysis. First, a finding of spoliation lies "only where a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). Second, once a party is under a duty to preserve evidence, they may only be subject to spoliation sanctions when they intentionally destroy that evidence in bad faith. *Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013). Bad-faith destruction occurs when a party destroys evidence "for the purpose of hiding adverse information." *Id.* at 1019 (quotation omitted); *See Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002) ("[T]he crucial element is not that evidence was destroyed but rather the reason for the destruction."). Plaintiff, as the movant, bears the burden of establishing both required elements. *Bracey*, 712 F.3d at 1019.

Plaintiff has not carried his burden as to either element on either motion. As to the first motion, Plaintiff's only notices relating to the need for preservation were 1) a grievance that accused Defendants of failing to protect Plaintiff from his self-harming activities, and asking them to "[s]ave the video please," (Docket #34-1 at 26), and 2) a short conversation with Defendant Brad Friend ("Friend") asking him to save the video, (Docket #35 at 2). Defendants deny receiving the grievance or having the conversation. Even taken at face value, the Court finds that these communications were

not enough to put Defendants on notice that litigation was soon in coming. At best, they vaguely hint at potential litigation, but make no mention of its imminence. This is reinforced by another grievance submitted by Plaintiff after the June 16 incident, wherein he expressly disclaimed any intention to sue Defendants relating to that incident. (Docket #55-1).[2]

Plaintiff has also failed to show that the video in question was destroyed in bad faith. Defendants state that, without notice of a need to preserve the video, it was automatically recorded over after 120 days in accordance with Racine County policy. Plaintiff's only "evidence" of bad faith is his own speculation. He infers that because that Defendants have saved certain evidence—video taken by a handheld camcorder and various pictures—but not the evidence he seeks—footage from wall-mounted cameras in the jail—they must have intentionally destroyed the desired footage in bad faith.

While Plaintiff ascribes nefarious motives to it, the difference in evidence preservation is not surprising. The pictures and camcorder video could not be "written over," while the system for the wall-mounted cameras did precisely that, *automatically* and without Defendants' specific intervention, after 120 days. Plaintiff has shown, at best, that the footage from the wall-mounted cameras was overwritten inadvertently. This falls

---

[2]Plaintiff questions the authenticity of the grievance, which was attached to an affidavit of Friend. (Docket #60 at 7-8). However, the handwriting in the grievance is identical to that found in Plaintiff's filings in his various lawsuits in this Court, including this one. *See* (Docket #55-1 and #60). Plaintiff counters that Defendants must have copied his unique handwriting and writing style in order to produce the grievance. (Docket #60 at 7-8). The Court rejects this unsupported accusation in light of the plain similarity between the handwriting and style.

far short of proving that Defendants intentionally destroyed the subject footage to hide it from Plaintiff or the Court.[3]

As to the second motion, it appears that it would be more appropriately brought as a motion to compel. Plaintiff complains that the activity logs which were produced to him contain substantial gaps between certain entries, and he believes Defendants deleted those entries. Defendants counter that they were first made aware of these gaps by Plaintiff's motion itself. Their counsel then sent Plaintiff a more complete activity log. Counsel explained that the gaps existed because Defendants had only produced log entries tagged to Plaintiff himself in their computer system. The new activity log they produced provided Plaintiff with all of the entries for June 16, 2016, regardless of which inmate the entry concerned. Plaintiff nevertheless maintains that the logs were altered because he finds discrepancies between the logs and correctional officer shift assignments. Even assuming these discrepancies are real, it is a matter for argument to a jury, not spoliation sanctions. They do not prove that Defendants destroyed any log entries "for the purpose of hiding adverse information." *Bracey*, 712 F.3d at 1019.

---

[3]This scenario is somewhat analogous to *Bracey*. There, the Seventh Circuit affirmed the district court's denial of an adverse inference instruction. *Bracey*, 712 F.3d at 1019. Although the plaintiff alleged that the defendants had a duty to preserve surveillance video of the plaintiff's altercation with correctional officers, the court held that the plaintiff did not present evidence that the defendants destroyed the video in bad faith. *Id*. The plaintiff did not show, for example, that any of the defendants were involved in the decision not to preserve the video from the prison's security cameras. *Id*. While Plaintiff states that "Friend's obligation stretched out to also save and store the 6.16.16 video footage," he provides absolutely no evidence of Friend's or any other Defendants' authority or job duties which establishes his naked assertion as a fact. (Docket #34 at 6).

In sum, both of Plaintiff's motions for spoliation sanctions must be denied. Defendants' October 27, 2017 motion for leave to file a sur-response will be denied as moot. (Docket #66).

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for sanctions (Docket #33 and #39) be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendants' motion for leave to file a sur-response (Docket #66) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge