# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYMOND J. BERGERON DAVILA,<br><br>                   Plaintiff,<br>v.<br><br>BARBARA A. TEELING, BRAD FRIEND, MELISSA MORAN, ANTHONY LACOMBE, GREGORY BUCHOLTZ, ROBERT A. MASTRONARDI, STEVEN M. CLOPE, and NICOLE L. PETERSEN,<br><br>                   Defendants. | Case No. 17-CV-337-JPS<br><br>**ORDER** |

      The parties have filed numerous motions since December 2017 which the Court will now address. First is Plaintiff's December 4, 2017 motion asking the Court to order "Defendants and their attorney . . . to respond to his letters and the plaintiff's content in those letters[.]" (Docket #71). He later withdrew that request. (Docket #98 at 2). Plaintiff's motion further requests that the Court order Defendants to be responsive to Antoinette Rodriguez and Lisa Bergeron, his mother and grandmother, when they attempt to communicate regarding this litigation. *Id.* Defendants counter that the individuals Plaintiff identifies are not licensed to practice law. (Docket #91). Plaintiff replies that his family members are attempting to assist him by purchasing a recording of video footage on his behalf. (Docket #98 at 3). He says he already has a copy, but wants another one so that he can test it for tampering. *Id.* at 4. The Court will deny this aspect of Plaintiff's motion. He received a copy of the video in discovery and may

make a copy of it if he wishes, subject to his resources. The Court will not compel Defendants to provide additional copies.

On December 7, 2017, Plaintiff filed a motion for a preliminary injunction. (Docket #73). He says that when he returns to the Racine County Jail (the "Jail") for regular court dates, Defendants should be compelled to intervene more directly to prevent his self-harming activities. *Id.* "A preliminary injunction ordering [a] defendant to take an affirmative act rather than merely refrain from specific conduct," as is the case here, "is 'cautiously viewed and sparingly issued.'" *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)). A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *Id.* (quoting *Winter*, 555 U.S. at 24).

This request must be denied because the Court is not an expert in mental health treatment or corrections. It will not order Defendants to take, or refrain from taking, certain actions in response to Plaintiff's future behavior, the particulars of which are not yet known. In any event, as Defendants note, (Docket #82 at 2), and as Plaintiff admits, (Docket #94 at 2), the subject behavior consists of Plaintiff biting the inside of his mouth. This does not seem to be a life-threatening behavior, and it is not clear what Defendants would be expected to do to control it. Forcibly holding Plaintiff's jaw apart to prevent biting might raise more constitutional issues than it abates.[1]

---

[1] Plaintiff's motion also mentions a desire for some video footage. (Docket #73 at 6). This request must likewise be denied. The motion is not one to compel discovery responses, and does not contain the certification required for such a motion. *See* Civ. L. R. 37.

The next motion in time was filed by Defendants. (Docket #75). They seek a protective order limiting Plaintiff's numerous and allegedly inappropriate discovery requests. The motion will be denied. As provided in the trial scheduling order, the discovery period closed on January 22, 2018. (Docket #19 at 2). To the extent any discovery requests were properly served, *i.e.* "served by a date sufficiently early so that all discovery is completed no later than" January 22, Defendants should respond to them. If they believe any of the requests are objectionable, Defendants are free to so object. The Court will also deny as moot Plaintiff's related motions to dismiss (Docket #86) and for leave to file a sur-reply (Docket #101).

On December 11, 2017, Plaintiff filed a multi-faceted motion related to video footage. (Docket #80). First, Plaintiff asks for leave to mail in a copy of the footage in conjunction with a future motion, because the copy cannot be e-filed in accordance with the E-Filing Program in place at Plaintiff's institution. (Docket #19 at 6-7). This aspect of the motion will be granted. Plaintiff may file a copy of the video footage with the Court via mail. For all other filings, Plaintiff must continue to comply with the E-Filing Program. Plaintiff further requests appointment of counsel to address this concern, but in light of the Court's ruling, this is unnecessary. Plaintiff also seeks various extensions of time, but does not say what deadline(s) he wants extended. The Court must deny that aspect of the motion.

On December 13, 2017, Plaintiff filed another multi-faceted motion, this time aimed at the Court itself. (Docket #81). First, Plaintiff asks that the Court recuse itself from this matter. The standards governing a judge's recusal are set out in 28 U.S.C. Sections 144 and 455. Section 144 requires a judge to recuse himself for "personal bias or prejudice." 28 U.S.C. § 144. Section 455(a) requires a federal judge to "disqualify himself in any

proceeding in which his impartiality might reasonably be questioned," and Section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." *Id.* § 455(a) and (b)(1). Because the phrase "personal bias or prejudice" found in Section 144 mirrors the language of Section 455(b), they may be considered together. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). In deciding whether a judge must disqualify himself under Section 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). Recusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Id.*

Plaintiff has not presented compelling evidence of actual bias against him. First, he alleges that the Court has treated him differently than other *pro se* prisoner litigants because the Court did not accept a late filing in one of Plaintiff's other cases. *See Raymond J. Bergeron Davila v. Christopher Schmaling, et al.*, 16-CV-1665-JPS, (Docket #127). Plaintiff speculates that the Court may reject late filings in this case. The Court addresses compliance with the rules of procedure on an individual basis in each instance where it is necessary. The Court's enforcement of those rules against late filings is no evidence of bias. Plaintiff further asserts that if the Court knows certain other persons, presumably state court judges handling Plaintiff's criminal cases, it must recuse. Plaintiff does not explain how being acquainted with others is evidence of bias, much less compelling evidence. Plaintiff further suggests that this Court cannot decide the motion for recusal. This is false. *See* 28 U.S.C. § 455(a) ("Any . . . judge . . . shall disqualify *himself* in any proceeding in which his impartiality might reasonably be questioned.") (emphasis added). Finally, Plaintiff's motion references as desire for a stay,

though he does not address this meaningfully in the body of his motion. That request must be denied.

The final pending motion was filed on December 20, 2017. (Docket #90). Plaintiff seeks an order compelling Defendants to produce certain video footage to his mother at her expense. As with Plaintiff's prior motion addressing the same topic, this request must be denied. Plaintiff has already been provided a copy of the footage and may copy it as he sees fit. Defendants are not required to provide him any more copies. To the extent Plaintiff needs financial support, that is a matter between him, his family, and the Department of Corrections' policies on prisoner finances. The Court will not intervene in such matters.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an order requiring Defendants to provide an additional copy of video footage (Docket #71) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction and seeking production of video footage (Docket #73) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' motion for a protective order (Docket #75) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERD** that Plaintiff's motions to dismiss (Docket #86) and for leave to file a sur-reply (Docket #101) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's December 11, 2017 motion (Docket #80) be and the same is hereby **GRANTED in part** and **DENIED in part** in accordance with the terms of this Order;

**IT IS FURTHER ORDERED** that Plaintiff's motion for recusal and related requests (Docket #81) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's second motion for an order requiring Defendants to provide an additional copy of video footage (Docket #90) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge