# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON DAVILA,

           Plaintiff,

v.

BARBARA A. TEELING, BRAD FRIEND, MELISSA MORAN, ANTHONY LACOMBE, GREGORY BUCHOLTZ, ROBERT A. MASTRONARDI, STEVEN M. CLOPE, and NICOLE L. PETERSEN,

           Defendants.

Case No. 17-CV-337-JPS

**ORDER**

      In February 2018, Defendants filed motions for summary judgment; Gregory Bucholtz, a Wisconsin state employee, is represented by the Wisconsin Department of Justice, and all other Defendants, employees of Racine County, are represented by a private law firm. (Docket #106 and #110). Among other things, they assert that Plaintiff failed to exhaust his administrative remedies for the claims in this lawsuit, and that the claims must therefore be dismissed on that basis. *See* (Docket #107 and #112). Plaintiff disputes the exhaustion issue. (Docket #122). A great deal of additional motion practice proceeded during and after the completion of briefing on the summary judgment motions. *See* (Docket #128-#163). It appears that this deluge has subsided; nothing has been filed in this case in over a month.

      Defendants are correct that inmates like Plaintiff are not permitted to file suit over prison conditions until they have exhausted their administrative remedies. 42 U.S.C. § 1997e(a). This occurs by the filing of

grievances with prison officials. Exhaustion is an affirmative defense to be pleaded and proven by Defendants. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Plaintiff may, of course, oppose Defendants' assertion of the exhaustion defense with both factual and legal argument. In *Pavey*, the Seventh Circuit outlined the procedure to be used when exhaustion is contested:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The *Pavey* procedure is particularly necessary here, as the primary dispute between the parties is an allegation that Plaintiff forged the grievances on which he relies to prove proper exhaustion. Plaintiff's credibility thus stands directly opposed to that of Defendants.

Apparently recognizing this, one of the myriad of Plaintiff's post-summary judgment motions is one seeking a *Pavey* hearing. (Docket #152).

Bucholtz did not respond to the request. The Racine County Defendants did so on May 23, 2018. (Docket #162). They state the following:

> In light of the Plaintiff's request for a *Pavey* hearing and to the extent that the Honorable Judge J.P. Stadtmueller finds there are any debatable factual issues relating to the affirmative defense of failure to exhaust such that a *Pavey* hearing is warranted, the RCJ Defendants hereby withdraw the argument from their motion for summary judgement. *Wagoner v. Lemmon*, 778 F.3d 586, 588 (7th Cir. 2015) ("Often exhaustion (or its lack) will be apparent, but when it is not, the district court must hold an evidentiary hearing to resolve the question.")(citing *Pavey v. Conley*, 554 F.3d 739 (7th Cir. 2008). The RCJ Defendants do not waive the failure to exhaust affirmative defense, but rather withdraw the argument from their summary judgment motion due to the anticipated expense of a *Pavey* hearing, in the interest of expediting the resolution of this case and believing in the remaining meritorious arguments set forth in their motion. The RCJ Defendants, by withdrawing the argument, likewise do not acquiesce to the authenticity of any of the grievances submitted by the Plaintiff in this lawsuit or filed with the various motions.

*Id.* at 2.

The Racine County Defendants' position is not tenable. *Pavey* and its progeny state, in no uncertain terms, that exhaustion is a preliminary matter for the Court to decide, not a jury. *Pavey*, 544 F.3d at 742; *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) ("*Pavey*'s central holding is that exhaustion is not a question for the jury at trial, but instead is a preliminary issue for the court."); *Jackson v. Hoffman*, 618 F. App'x 290, 292 (7th Cir. 2015) ("On appeal Jackson maintains that he properly filed the grievances and insists that factual disputes must be resolved by a jury. But the district court, not a jury, must resolve the exhaustion issue at a *Pavey* hearing."). They

cannot, therefore, preserve the defense while simultaneously refusing to participate in a *Pavey* hearing.

In light of the Racine County Defendants' misunderstanding of *Pavey*, and Bucholtz's non-opposition to Plaintiff's motion, the Court will order that all Defendants file a notice with the Court regarding the exhaustion issue. The notice must state whether Defendants are waiving their exhaustion defense or not. If they waive the defense, the Court will proceed to address the pending motions for summary judgment. If Defendants press their exhaustion defense, the Court will order that a *Pavey* hearing be held. Defendants must file these notices on or before **Friday, July 6, 2018**.

Accordingly,

**IT IS ORDERED** that Defendants shall file a notice with the Court as described in this Order no later than **Friday, July 6, 2018**.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge